## Case No. 15,943.

### UNITED STATES v. ONE HUNDRED AND TWENTY–THREE CASKS OF DISTILLED SPIRITS.

[1 Abb. U. S. 573.] [1]

District Court, N. D. Ohio. 1870.

INTERNAL REVENUE — PRACTICE — AMENDMENT TO INFORMATION.

1. The district courts have an undoubted power, in the exercise of a sound judicial discretion, to permit a libel to be amended.

2. If an application to amend a libel proposes to introduce a new cause of action, it is usual to allow the amendment when the new cause of action corresponds in character and is kindred in nature to that presented in the original libel; but if the amendment introduces a new substantive cause of action and a new charge against the defendant, it is disallowed.

[Cited in U. S. v. Cigars, 18 Fed. 150.]

3. A libel of information was filed under a section of statute imposing punishment for disposing of property subject to internal revenue tax, in fraud of the revenue laws. The government applied for leave to amend by adding a count founded on another section of the statute, which imposed punishment on a manufacturer, &c. who should neglect to make returns of his manufactures to the proper revenue officer. *Held*, that this was a substantially new charge, and that the leave must be refused.

Motion to strike out a count from a libel of information.

R. F. Paine and R. P. Ranney, for the motion.

B. White and B. T. Dickman, opposed.

SHERMAN, District Judge. The libel of information was filed on February 19, 1866. The property was duly seized, but no further proceedings were had until February 12, 1869, when the claim and answer were filed, when a motion was made by the district-attorney and granted, for leave to amend the information. On the same day a new information was filed.

The first information was founded on section 48 of the internal revenue act of June 30, 1864 [13 Stat. 223]. The first count of the new and amended one was founded on the same section, and is a copy of the original libel; but the second count was founded on section 68 of the same law.

A motion was made to strike off the amended and second count. It is claimed by the defendants that section 68 defines a new and different cause of forfeiture, the prosecution of which is limited by the proviso to the section to twenty days after the seizure.

Section 48 provides that all goods, wares, &c. &c., on which duties are imposed by law, which shall be found in the possession or custody of any person, for the purpose of being sold or removed, in fraud of the internal revenue laws, or with the design to evade the payment of any tax, shall be for-

feited to the United States, and the forfeiture shall be enforced by proceedings in rem; but there is no limitation when the seizure shall be made, or the prosecution commenced.

Section 68 provides that the owner of any vessel, still, or boiler, used in the manufacturing of any distilled spirits or fermented liquors, on which duty is payable, who shall neglect or refuse to make entry and report of the same, or to do the things required by law to be done, shall be subject to a seizure and forfeiture of such vessels, stills, and boilers, besides being subject to a penalty: provided that such seizure be made within thirty days after the cause thereof came to the knowledge of the collector, and that proceedings to enforce the forfeiture be commenced within twenty days thereafter.

That the court has a right to allow amendments at any stage of the case, is undoubted; and this is applicable in revenue cases as in cases at common law. The motion is addressed to the sound legal discretion of the court. If the amendment, as in this case, adds a new count, which introduces a new cause of action, corresponding in character with the original count, and kindred in its nature, these courts have always allowed it; but if the amendment introduces a new substantive cause of action, and a new charge against the defendant, it is disallowed.

This principle of law is well illustrated in the two cases cited by the counsel,—the one Tiernan v. Woodruff [Case No. 14,027], cited to support the government to its right to file this new count, and in The Harmony [Id. 6,081], cited by defendant to support this motion. The case of Tiernan v. Woodruff [supra], was an action at law, where in effect the plaintiff asked leave to amend his declaration by adding a third count on a note given to the plaintiff by the defendant, of the same character and founded on the same transaction as the other two notes declared on. The court permitted the amendment. The case of The Harmony [supra], was a libel for the forfeiture of a vessel for a violation of the custom laws. The first and original libel charged the vessel with landing goods without a permit; the second count in the libel, offered as an amendment, charged the vessel with receiving goods on board from another vessel. Both charges were violations of different sections of the same act. The amendment was refused.

Apply these principles to this case. If the charge in the second count is a new substantive charge, then the amendment is improper.

The original information, founded on section 48, punishes a party having property in his possession subject to a tax, who sells and disposes of it in fraud of the internal revenue laws, or with intent to avoid the payment of tax. The second and amended

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

count on section 68, punishes the party being a distiller or manufacturer, who neglects or refuses to make a daily or tri-monthly report and return to the collector of the liquors and spirits made by him. One provides against fraudulent acts, and with fraudulent intents. The other is against neglect to keep proper books, and making proper returns. The one is generally against fraudulent acts, purposely committed. The other is against the omission or neglect to do certain acts. The two offenses are distinct in their nature and character. One is a general crime, and the offender may be proceeded against at any time, and upon the complaint of any person. The other is special; and seemingly the seizure and proceedings must be made by the collector, and within a limited time.

I therefore think that the second count contains a charge that is a new substantive cause of action; that it does not correspond in character, and is not kindred in its nature with the original information, and, therefore, should be stricken off.

Motion denied.